UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ELECTRONIC EDISON TRANSMISSION TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**NOTHING TECHNOLOGY LIMITED,**<br><br>Defendant. | **CASE NO. 2:25-cv-00974**<br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Electronic Edison Transmission Technologies, LLC ("Plaintiff" and/or "EETT") files this complaint against Nothing Technology Limited, ("Defendant" or "Nothing") for infringement of U.S. Patent Nos. 9,448,603 ("the '603 Patent") (Exhibit A), and alleges as follows:

### THE PARTIES

1. Plaintiff is a Wyoming company having its principal place of business in Cheyenne, Wyoming.

2. Upon information and belief, Defendant is a corporation duly organized and existing under the laws of the United Kingdom, with its principal place of business at 4th Floor, 32-38 Saffron Hill, London, United Kingdom EC1N 8FH.

3. Defendant is consumer electronics manufacturer. Specifically, Defendant provides and makes available for sale smartphones and wireless audio products.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. Plaintiff is seeking damages, as well as attorney fees and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

6. This Court has personal jurisdiction over Defendant. Defendant has continuous and systematic business contacts with the State of Texas and has committed and continues to commit acts of patent infringement in the United States, including in the State of Texas, by making, using, offering to sell, and/or selling accused products in the United States and Texas, and/or importing accused products into the United States and Texas. In addition, Defendant conducts its business extensively throughout Texas and derives substantial revenue in Texas, by shipping, distributing, offering for sale, selling, and advertising (including through an interactive web page) its products and/or services in the State of Texas and the Eastern District of Texas. Defendant has purposefully and voluntarily placed in the stream of commerce one or more products and/or services that practice the '603 Patent (as set forth below) with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. For example, Nothing advertises its products (including those accused in this Complaint as practicing the asserted claims) for purchase on its webpage, accessible from the United States, including Texas, such as at https://us.nothing.tech/.

7. Defendant is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in the State of Texas and this District, including through its past and ongoing infringing

8. activities, because Defendant regularly does and solicits business herein, and/or because Defendant has engaged in persistent conduct and/or has derived substantial revenues from goods and services provided in the State of Texas and this District.

8. Defendant transacts substantial business with entities and individuals in the State of Texas and this District, by among other things, willfully using the infringing methods and systems throughout the State of Texas and this District. Defendant relies on the infringing methods and systems to introduce and sell products into the stream of commerce with the knowledge and expectation that they will be sold in the State of Texas and this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3) because Nothing is not a resident of the United States and therefore may be sued in any judicial district.

## PATENT-IN-SUIT

10. Plaintiff is the sole and exclusive owner, by assignment, of the '603 Patent.

11. On September 20, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '603 Patent, entitled "Transferring Power to a Mobile Device." The '603 Patent is attached as **Exhibit A**.

12. Plaintiff possesses all rights of recovery under the '603 Patent, including the exclusive right to recover for past, present and future infringement.

13. The '603 Patent contains nine claims including three independent claims (claims 1, 6 and 8) and six dependent claims.

14. The priority date of the '603 Patent is at least as early as September 3, 2011. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

15. Plaintiff alleges infringement on the part of Nothing of at least claim 8 of the '603 Patent.

16. The '603 Patent teaches systems and methods for transferring power to a receptor mobile device from donor mobile device using wireless power transfer mechanisms on the donor and receptor mobile devices, and converting received power at the receptor mobile device into electrical current using the wireless power transfer mechanism at the receptor mobile device. *See* '603 Patent, Col. 1, lines 35-63.

17. The '603 Patent was examined by Primary United States Patent Jared Fureman. During the examination of the '603 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: G06F 1/266; H02J 5/005; H02J 17/00; and H02J 7/025.

18. After conducting a search for prior art during the examination of the '603 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 2004/0213463; US 2009/0108679; and US 2013/0026981.

19. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '603 Patent to issue. In so doing, it is presumed that Examiner Fureman used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Fureman had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '603 Patent are novel and non-obvious, including over all non-cited art

        which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '603 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Fureman.

20. The claims of the '603 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

21. The nominal expiration date for the claims of the '603 Patent is no earlier than May 15, 2032.

**COUNT I**
**(Infringement of United States Patent No. 9,448,603)**

22. Plaintiff refers to and incorporates the allegations in Paragraphs 1 – 23, the same as if set forth herein.

23. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

24. Nothing has knowledge of its infringement of the '603 Patent, at least as of the service of the present complaint.

25. The '603 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

26. Upon information and belief, Nothing has infringed and continues to infringe one or more claims, including at least Claim 8, of the '603 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as **Exhibit B**) products including, but not limited to, the Nothing Phone 3 ("Exemplary Products"), which are Qi-compatible and support both wireless charging and reverse wireless charging. The Nothing Phone 3 supports a 'Wireless Reverse Charging' functionality, which is compliant with the Qi standard for wireless power transfer. This functionality enables the Nothing Phone 3 to wirelessly transfer power from its internal battery to another Qi-compatible Nothing device, such as another Nothing Phone 3. When the receptor device is placed back-to-back with the Nothing Phone 3, it receives a wireless charge. Thus, Nothing has infringed and continues to infringe the '603 patent both directly and through acts of contributory infringement and inducement in violation of 35 U.S.C. § 271.

27. Nothing also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 8, of the '603 Patent, by having its employees internally test and use the Exemplary Products.

28. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

29. Despite such actual knowledge, Nothing continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claim 8, of the '603 Patent. On information and belief, Nothing has also

  continued to sell the Exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims, including at least Claim 8, of the '603 Patent. *See* **Exhibit B** (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

30. At least since being served with this Complaint and corresponding claim chart, Nothing has actively, knowingly, and intentionally continued to induce infringement of the '603 Patent, literally or by the doctrine of equivalents, by selling Exemplary Products to their customers for use in a manner that infringes one or more claims, including at least Claim 8, of the '603 Patent (**Exhibit B**).

31. **Exhibit B** includes at least one chart comparing exemplary Claim 8 of the '603 Patent to Nothing's Exemplary Products. As set forth in this chart, Nothing's Exemplary Products practice the technology claimed by the '603 Patent. Accordingly, Nothing's Exemplary Products incorporated in this chart satisfy all elements of exemplary Claim 8 of the '603 Patent.

32. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of **Exhibit B**.

33. Plaintiff is entitled to recover damages adequate to compensate for Nothing' infringement.

34. Nothing' actions complained of herein will continue unless Nothing is enjoined by this court.

35. Nothing' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until it is enjoined and restrained by this Court.

36. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to:

1. Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

2. Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Nothing, who receives notice of the order from further infringement of United States Patent No. 9,448,603 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

3. Award Plaintiff damages resulting from Nothing' infringement in accordance with 35 U.S.C. § 284; and

4. Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  September 23, 2025

Respectfully Submitted,

/s/ *René A. Vazquez*
René A. Vazquez
Virginia Bar No. 41988
**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
rvazquez@dnlzito.com
(703) 989-2244

Joseph J. Zito
**DNL Zito**
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
rvazquez@dnlzito.com
(202) 466-3500

**COUNSEL FOR PLAINTIFF**